(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - (OTHER.))

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04-00200

Stephen Curtis .............., Plaintiff(s)

v.

Wal-Mart Stores, Inc.
.............., Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Sol J. Cohen, Cohen & Sales plaintiff's attorney, whose address is 43 Thorndike St. Cambridge, MA 02141, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham the 6th day of February, in the year of our Lord two thousand and four.

A true copy Attest:
3/25/04
Deputy Sheriff Suffolk County

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-35

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                     NORFOLK SUPERIOR COURT

                                                 CIVIL ACTION NO.: 04 00200

STEPHEN CURTIS,             )
                            )
        Plaintiff           )
                            )
V.                          )
                            )
WAL-MART STORES, INC., d/b/a )
WAL-MART                    )
                            )
        Defendant           )

## COMPLAINT AND JURY CLAIM

NOW COMES Stephen Curtis, Plaintiff in the above-entitled action, and hereby states as follows:

1. The plaintiff, Stephen Curtis, is an adult individual who currently resides at 44 Flynt Street, Quincy, Norfolk County, Massachusetts.

2. The defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), is a corporation duly organized under the laws of Delaware and having a usual place of business at 740 Middle Street, Weymouth, Norfolk County, Massachusetts, and a resident agent of Corporation Service Company, 84 State Street, Boston, Massachusetts, and which at all times relevant to this Complaint had more than fifteen employees.

3. At all times relevant to this Complaint, the plaintiff was an employee of defendant, Wal-Mart.

4. Plaintiff, a male, is a member of the protected classes of Massachusetts General Laws Chapter 151B, § 1, et seq.

5. In or around the beginning of the year 2001, the plaintiff began working as a department manager for the defendant, Wal-Mart.

6. At all times during his employment with the defendant, Wal-Mart, Plaintiff was qualified for his position as department manager.

7. Beginning almost immediately after the plaintiff's hire and continuing throughout his employment through February, 2001, the defendant, Wal-Mart, through its employees, agents, managers, and human resources representative, subjected the plaintiff to unlawful and unwelcome sexual harassment and gender discrimination.

8. Defendant, Wal-Mart's gender discrimination, including sexual harassment, was continuing in nature and was extremely pervasive.

9. Defendant, Wal-Mart, is strictly liable for the unlawful sexual harassment and gender discrimination of plaintiff by its agents, servants, employees and human resources representative.

10. Defendant's sexual harassment and gender discrimination included but was not limited to the following:

    a. various and diverse incidents of unwanted physical and verbal sexual conduct that altered the terms and conditions of the plaintiff's employment;

    b. creation of an environment where sexual harassment and gender discrimination was tolerated;

    c. defendant's employees and managers repeated incidents of harmful and offensive non-consensual sexualized touching, including but not limited to groping of the plaintiff;

    d. defendant's failure and refusal to take any remedial action to stop its employees' and managers' sexual harassment of the plaintiff;

    e. defendant's employees and managers' repeated comments relative to the plaintiff's genetalia;

    f. defendant's employees and managers' repeated unwanted sexualized touching of the plaintiff.

    g. defendant's creation and tolerance of an abusive environment and verbal and physical conduct of a sexual nature which unreasonably interfered with plaintiff's employment, creating an intimidating, hostile, humiliating and sexually offensive environment.

    h. repeated gender discriminatory and derogatory comments and/or conduct;

    i. defendant's disparate treatment of the plaintiff in the terms and conditions of his employment because of and on account of his gender;

    j. defendant's failure to take adequate steps to address the plaintiff's complaints of sexual harassment and gender discrimination.

11. Defendant's unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with plaintiff's work performance.

12. Defendant's unlawful sexual harassment and gender discrimination altered the terms and conditions of plaintiff's employment.

13. Plaintiff was constructively discharged from his employment because defendant's sexual harassment created intolerable working conditions.

14. A reasonable person in plaintiff's position would have found the working conditions so intolerable that he would be been compelled to leave.

15. Plaintiff's departure from his employment was a reasonably foreseeable consequence of defendant's sexual harassment and gender discrimination.

16. At all times relevant hereto, defendant, Wal-Mart, had the duty to provide their employees, including plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

17. Although defendant Wal-Mart knew or should have known of their agents, managers, servants and employees' gender discrimination and sexual harassment of the plaintiff, it failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment of the plaintiff, in breach of its duty.

18. On or about July 23, 2001, the plaintiff filed a charge of discrimination and sexual harassment with the Massachusetts Commission Against Discrimination alleging that defendant sexually harassed him and subjected him to gender discrimination.

19. Defendant's conduct as alleged in paragraphs 1 through 18 of this Complaint, constitutes unlawful sexual harassment in violation of M.G.L. c. 151B, § 4.

20. Defendant is strictly liable for gender discrimination, including but not limited to sexual harassment, perpetrated by its agents, managers, servants, employees and human resources representative.

21. As a direct and proximate result of defendant's unlawful sexual harassment in violation of M.G.L. c. 151B, § 4, plaintiff, Stephen Curtis, has suffered severe emotional distress, anguish of mind, incurred medical bills, has required medical care and attention, has incurred and continues to incur substantial loss of wages and earning capacity.

22. Plaintiff complied with the requirements of M.G.L. c. 151B, § 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that defendant unlawfully sexually harassed him and subjected him to gender discrimination in the context of his employment with the defendant.

23. More than ninety days have passed since plaintiff filed a complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

24. Massachusetts General Laws, Chapter 151B, § 9 authorizes the plaintiff to bring this private civil action against this defendant.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against defendant, Wal-Mart, and:

a. Declare that this defendant's conduct violated M.G.L. c. 151B, §4, as amended;

b. Award plaintiff compensatory damages;

c. Award plaintiff punitive damages;

d. Award plaintiff reasonable attorney's fees, statutory interest, and the costs of this action; and

e. Issue such other relief as the Court deems just and proper.

Respectfully submitted,
by Plaintiff's attorneys,

Sol J. Cohen
BBO # 630776
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151