UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN CURTIS,

              Plaintiff,

vs.

WAL-MART STORES, INC. d/b/a WAL-MART,

              Defendant.

CIVIL ACTION NO. 04-cv-10782-NG

## ANSWER AND AFFIRMATIVE DEFENSES

Wal-Mart Stores, Inc., ("Wal-Mart"), the Defendant in the above-captioned matter,[1] submits this Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, Stephen Curtis, received by Wal-Mart on March 25, 2003, and removed to this Court on April 14, 2004.

### First Defense

1. Defendant admits that Plaintiff is an adult individual. The Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 1 and leaves the Plaintiff to his proof.

2. The Defendant admits the allegations of Paragraph 2. Further answering, the Defendant states that its correct legal name is Wal-Mart Stores, Inc.

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant admits that Plaintiff is a male. The remaining allegations of the Complaint do not require a response, as they call for a legal conclusion.

5. The Defendant admits the allegations of Paragraph 5.

6. The Defendant denies any and all allegations in Paragraph 6.

7. The Defendant denies any and all allegations in Paragraph 7.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

---

[1] The caption as designated by Plaintiff erroneously refers to the Defendant as "Wal-Mart Stores, Inc. d/b/a Wal-Mart."

8. The Defendant denies any and all allegations in Paragraph 8.

9. The Defendant denies any and all allegations in Paragraph 9.

10. The Defendant denies each and every allegation contained in Paragraphs 10a through 10j.

11. The Defendant denies any and all allegations in Paragraph 11.

12. The Defendant denies any and all allegations in Paragraph 12.

13. The Defendant denies any and all allegations in Paragraph 13.

14. The Defendant denies any and all allegations in Paragraph 14.

15. The Defendant denies any and all allegations in Paragraph 15.

16. The Defendant admits the allegations of Paragraph 16 as written. Further answering, the Defendant admits that Mass. Gen. L. c. 151B creates certain legal obligations for Defendant.

17. The Defendant denies any and all allegations in Paragraph 17.

18. The Defendant denies the allegations of Paragraph 18 as written. Further answering, the Defendant admits that it was served with a charge of discrimination that is date stamped July 24, 2001.

19. The Defendant denies any and all allegations in Paragraph 19.

20. The Defendant denies any and all allegations in Paragraph 20.

21. The Defendant denies any and all allegations in Paragraph 21.

22. The Defendant denies the allegations of Paragraph 22 as written. Further answering, the Defendant admits that it was served with a charge of discrimination that is date stamped July 24, 2001.

23. The Defendant admits the allegations of Paragraph 23.

24. The Defendant admits the allegations of Paragraph 24.

## Second Defense

The Complaint fails to state a claim upon which relief can be granted.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

2

### Third Defense

The Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

### Fourth Defense

All actions taken against Plaintiff were for reasons unrelated to his gender.

### Fifth Defense

Plaintiff abandoned his employment after the Defendant took reasonable measures to ensure that he would not be subjected to an inappropriate work environments, and thus is thus barred from collecting back pay and benefits.

### Sixth Defense

Plaintiff is not entitled to a jury trial on his claim.

### Seventh Defense

Plaintiff was discharged for good cause unrelated to his gender after he abandoned his employment.

### Eighth Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Ninth Defense

Plaintiff's claims are barred in whole or in part by a failure to exhaust his administrative remedies.

### Tenth Defense

Plaintiff has failed to exercise reasonable diligence in seeking comparable employment and is thus barred from collecting back pay and benefits.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

### Eleventh Defense

"WAL-MART STORES, INC. d/b/a WAL-MART", the name of the Defendant as it appears in the caption of the Complaint, is not a legal entity or proper party to this action.

### Prayer for Declaration and Attorney's Fees and Costs

Wherefore, Defendant prays the Court to declare that Plaintiff has brought a groundless action and to award Defendant its costs and attorney's fees.

Respectfully Submitted,

*[signature: Marylou Fabbo]*

Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: April 20, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the Plaintiff's counsel, Sol J. Cohen, Esq., Cohen & Sales, 43 Thorndike Street, Cambridge, MA 02141, by first-class, U.S. mail, postage prepaid, on April 20, 2004.

*[signature: Marylou Fabbo]*

Marylou Fabbo, Esq.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

4



# SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Marylou Fabbo
Mfabbo@skoler-abbott.com

*also admitted in Connecticut

April 20, 2004

**VIA OVERNIGHT DELIVERY**

Clerk's Office - Civil
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

          Re:  Stephen Curtis
              vs.
              Wal-Mart Stores, Inc. d/b/a Wal-Mart
              <u>Civil Action No. 04-cv-10782-NG</u>

Dear Sir or Madam:

    Enclosed for filing please find the *Answer and Affirmative Defenses* relative to the above-referenced matter. We attempted to file this electronically, however, the case has not yet been entered into the electronic filing system.

                Sincerely,

                Marylou Fabbo

MLF:amm

Enclosure

cc (w/encl.):    Sol J. Cohen, Esq.
                   Wal-Mart Stores, Inc.