MAS-20030912

kramercy

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
Case Summary
Civil Docket

04/22/2004

10:33 AM

## NOCV2004-00200
### Curtis v Wal Mart Stores Inc dba

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/05/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/22/2004 | **Session** | B - Civil B | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/05/2004 | **Answer** | 07/04/2004 | **Rule12/19/20** | 07/04/2004 |
| **Rule 15** | 07/04/2004 | **Discovery** | 12/01/2004 | **Rule 56** | 12/31/2004 |
| **Final PTC** | 01/30/2005 | **Disposition** | 03/31/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Stephen  Curtis
Active 02/05/2004

**Private Counsel 630776**
Sol J Cohen
Cohen & Sales
375 Broadway
Suite 2
Somerville, MA 02145
Phone: 617-623-0220
Fax: 617-623-1148
Active 02/05/2004 Notify

**Defendant**
Wal Mart Stores Inc dba
Served: 03/25/2004
Served (answr pending) 03/25/2004

**Private Counsel 566613**
Marylou Varao Fabbo
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 04/22/2004 Notify

**Doing busnss as (alias)**
Wal Mart
Active 02/05/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/05/2004 | 1.0 | Complaint  entry fee $280 plff jury claim |
| 02/05/2004 | | Origin 1, Type B22, Track F. |
| 02/05/2004 | 2.0 | Civil action cover sheet filed |
| 02/05/2004 | | fast track notice sent to plff attorney |
| 02/07/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 03/25/2004 | 3.0 | SERVICE RETURNED:  Wal Mart Stores Inc dba(Defendant), in hand to Process Clerk on 3/25/04 |
| 04/22/2004 | 4.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

23. More than ninety days have passed since plaintiff filed a complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

24. Massachusetts General Laws, Chapter 151B, § 9 authorizes the plaintiff to bring this private civil action against this defendant.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against

defendant, Wal-Mart, and:

a.   Declare that this defendant's conduct violated M.G.L. c. 151B, §4, as amended;

b.   Award plaintiff compensatory damages;

c..   Award plaintiff punitive damages;

d.   Award plaintiff reasonable attorney's fees, statutory interest, and the costs of this action; and

e.   Issue such other relief as the Court deems just and proper.

Respectfully submitted,
by Plaintiff's attorneys,

Sol J. Cohen
BBO # 630776
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

4

**Commonwealth of Massachusetts**
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

**NOCV2004-00200**
**Curtis v Wal Mart Stores Inc dba**

A TRUE COPY
Attest: *Virginia C. Foster*
Deputy Assistant Clerk

4/22/04

11.    Defendant's unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with plaintiff's work performance.

12.    Defendant's unlawful sexual harassment and gender discrimination altered the terms and conditions of plaintiff's employment.

13.    Plaintiff was constructively discharged from his employment because defendant's sexual harassment created intolerable working conditions.

14.    A reasonable person in plaintiff's position would have found the working conditions so intolerable that he would be been compelled to leave.

15.    Plaintiff's departure from his employment was a reasonably foreseeable consequence of defendant's sexual harassment and gender discrimination.

16.    At all times relevant hereto, defendant, Wal-Mart, had the duty to provide their employees, including plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

17.    Although defendant Wal-Mart knew or should have known of their agents, managers, servants and employees' gender discrimination and sexual harassment of the plaintiff, it failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment of the plaintiff, in breach of its duty.

18.    On or about July 23, 2001, the plaintiff filed a charge of discrimination and sexual harassment with the Massachusetts Commission Against Discrimination alleging that defendant sexually harassed him and subjected him to gender discrimination.

19.    Defendant's conduct as alleged in paragraphs 1 through 18 of this Complaint, constitutes unlawful sexual harassment in violation of M.G.L. c. 151B, § 4.

20.    Defendant is strictly liable for gender discrimination, including but not limited to sexual harassment, perpetrated by its agents, managers, servants, employees and human resources representative.

21.    As a direct and proximate result of defendant's unlawful sexual harassment in violation of M.G.L. c. 151B, § 4, plaintiff, Stephen Curtis, has suffered severe emotional distress, anguish of mind, incurred medical bills, has required medical care and attention, has incurred and continues to incur substantial loss of wages and earning capacity.

22.    Plaintiff complied with the requirements of M.G.L. c. 151B, § 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that defendant unlawfully sexually harassed him and subjected him to gender discrimination in the context of his employment with the defendant.

3

SCANNED

DATE: 06-21-04
BY: _____
SILY

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                        NORFOLK SUPERIOR COURT

                                        CIVIL ACTION NO.:   04 00200

                                                        04 cv 10782

STEPHEN CURTIS,                    )
                                   )
        Plaintiff                  )
                                   )
V.                                 )
                                   )
WAL-MART STORES, INC., d/b/a       )
WAL-MART                           )
                                   )
        Defendant                  )
_____)

## COMPLAINT AND JURY CLAIM

NOW COMES Stephen Curtis, Plaintiff in the above-entitled action, and hereby states

as follows:

1.      The plaintiff, Stephen Curtis, is an adult individual who currently resides at 44 Flynt
        Street, Quincy, Norfolk County, Massachusetts.

2.      The defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), is a corporation duly
        organized under the laws of Delaware and having a usual place of business at 740 Middle
        Street, Weymouth, Norfolk County, Massachusetts, and a resident agent of Corporation
        Service Company, 84 State Street, Boston, Massachusetts, and which at all times relevant
        to this Complaint had more than fifteen employees.

3.      At all times relevant to this Complaint, the plaintiff was an employee of defendant, Wal-
        Mart.

4.      Plaintiff, a male, is a member of the protected classes of Massachusetts General Laws
        Chapter 151B, § 1, et seq.

5.      In or around the beginning of the year 2001, the plaintiff began working as a department
        manager for the defendant, Wal-Mart.

6.      At all times during his employment with the defendant, Wal-Mart, Plaintiff was qualified
        for his position as department manager.

7.  Beginning almost immediately after the plaintiff's hire and continuing throughout his employment through February, 2001, the defendant, Wal-Mart, through its employees, agents, managers, and human resources representative, subjected the plaintiff to unlawful and unwelcome sexual harassment and gender discrimination.

8.  Defendant, Wal-Mart's gender discrimination, including sexual harassment, was continuing in nature and was extremely pervasive.

9.  Defendant, Wal-Mart, is strictly liable for the unlawful sexual harassment and gender discrimination of plaintiff by its agents, servants, employees and human resources representative.

10.  Defendant's sexual harassment and gender discrimination included but was not limited to the following:

a.  various and divers incidents of unwanted physical and verbal sexual conduct that altered the terms and conditions of the plaintiff's employment;

b.  creation of an environment where sexual harassment and gender discrimination was tolerated;

c.  defendant's employees and managers repeated incidents of harmful and offensive non-consensual sexualized touching, including but not limited to groping of the plaintiff;

d.  defendant's failure and refusal to take any remedial action to stop its employees' and managers' sexual harassment of the plaintiff;

e.  defendant's employees and managers' repeated comments relative to the plaintiff's genetalia;

f.  defendant's employees and managers' repeated unwanted sexualized touching of the plaintiff;

g.  defendant's creation and tolerance of an abusive environment and verbal and physical conduct of a sexual nature which unreasonably interfered with plaintiff's employment, creating an intimidating, hostile, humiliating and sexually offensive environment.

h.  repeated gender discriminatory and derogatory comments and/or conduct;

i.  defendant's disparate treatment of the plaintiff in the terms and conditions of his employment because of and on account of his gender;

j.  defendant's failure to take adequate steps to address the plaintiff's complaints of sexual harassment and gender discrimination.

2

7.  Beginning almost immediately after the plaintiff's hire and continuing throughout his employment through February, 2001, the defendant, Wal-Mart, through its employees, agents, managers, and human resources representative, subjected the plaintiff to unlawful and unwelcome sexual harassment and gender discrimination.

8.  Defendant, Wal-Mart's gender discrimination, including sexual harassment, was continuing in nature and was extremely pervasive.

9.  Defendant, Wal-Mart, is strictly liable for the unlawful sexual harassment and gender discrimination of plaintiff by its agents, servants, employees and human resources representative.

10. Defendant's sexual harassment and gender discrimination included but was not limited to the following:

    a.  various and divers' incidents of unwanted physical and verbal sexual conduct that altered the terms and conditions of the plaintiff's employment;

    b.  creation of an environment where sexual harassment and gender discrimination was tolerated;

    c.  defendant's employees and managers repeated incidents of harmful and offensive non-consensual sexualized touching, including but not limited to groping of the plaintiff;

    d.  defendant's failure and refusal to take any remedial action to stop its employees' and managers' sexual harassment of the plaintiff;

    e.  defendant's employees and managers' repeated comments relative to the plaintiff's genetalia;

    f.  defendant's employees and managers' repeated unwanted sexualized touching of the plaintiff;

    g.  defendant's creation and tolerance of an abusive environment and verbal and physical conduct of a sexual nature which unreasonably interfered with plaintiff's employment, creating an intimidating, hostile, humiliating and sexually offensive environment.

    h.  repeated gender discriminatory and derogatory comments and/or conduct;

    i.  defendant's disparate treatment of the plaintiff in the terms and conditions of his employment because of and on account of his gender;

    j.  defendant's failure to take adequate steps to address the plaintiff's complaints of sexual harassment and gender discrimination.

2

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                   NORFOLK SUPERIOR COURT

                                              CIVIL ACTION NO.:
                                                              04  00200

```
_____
                               )
STEPHEN CURTIS,                )
                               )
        Plaintiff              )
                               )
V.                             )
                               )
WAL-MART STORES, INC., d/b/a   )
WAL-MART                       )
                               )
        Defendant              )
_____)
```

## COMPLAINT AND JURY CLAIM

NOW COMES Stephen Curtis, Plaintiff in the above-entitled action, and hereby states

as follows:

1.   The plaintiff, Stephen Curtis, is an adult individual who currently resides at 44 Flynt
     Street, Quincy, Norfolk County, Massachusetts.

2.   The defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), is a corporation duly
     organized under the laws of Delaware and having a usual place of business at 740 Middle
     Street, Weymouth, Norfolk County, Massachusetts, and a resident agent of Corporation
     Service Company, 84 State Street, Boston, Massachusetts, and which at all times relevant
     to this Complaint had more than fifteen employees.

3.   At all times relevant to this Complaint, the plaintiff was an employee of defendant, Wal-
     Mart.

4.   Plaintiff, a male, is a member of the protected classes of Massachusetts General Laws
     Chapter 151B, § 1, et seq.

5.   In or around the beginning of the year 2001, the plaintiff began working as a department
     manager for the defendant, Wal-Mart.

6.   At all times during his employment with the defendant, Wal-Mart, Plaintiff was qualified
     for his position as department manager.

11.    Defendant's unwelcome sexual conduct was sufficiently severe and pervasive so as to unreasonably interfere with plaintiff's work performance.

12.    Defendant's unlawful sexual harassment and gender discrimination altered the terms and conditions of plaintiff's employment.

13.    Plaintiff was constructively discharged from his employment because defendant's sexual harassment created intolerable working conditions.

14.    A reasonable person in plaintiff's position would have found the working conditions so intolerable that he would be been compelled to leave.

15.    Plaintiff's departure from his employment was a reasonably foreseeable consequence of defendant's sexual harassment and gender discrimination.

16.    At all times relevant hereto, defendant, Wal-Mart, had the duty to provide their employees, including plaintiff, with an equitable, non-discriminatory and sexual harassment-free work environment.

17.    Although defendant Wal-Mart knew or should have known of their agents, managers, servants and employees' gender discrimination and sexual harassment of the plaintiff, it failed to take adequate steps to prevent and/or remedy gender discrimination and sexual harassment of the plaintiff, in breach of its duty.

18.    On or about July 23, 2001, the plaintiff filed a charge of discrimination and sexual harassment with the Massachusetts Commission Against Discrimination alleging that defendant sexually harassed him and subjected him to gender discrimination.

19.    Defendant's conduct as alleged in paragraphs 1 through 18 of this Complaint, constitutes unlawful sexual harassment in violation of M.G.L. c. 151B, § 4.

20.    Defendant is strictly liable for gender discrimination,, including but not limited to sexual harassment, perpetrated by its agents, managers, servants, employees and human resources representative.

21.    As a direct and proximate result of defendant's unlawful sexual harassment in violation of M.G.L. c. 151B, § 4, plaintiff, Stephen Curtis, has suffered severe emotional distress, anguish of mind, incurred medical bills, has required medical care and attention, has incurred and continues to incur substantial loss of wages and earning capacity.

22.    Plaintiff complied with the requirements of M.G.L. c. 151B, § 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that defendant unlawfully sexually harassed him and subjected him to gender discrimination in the context of his employment with the defendant.

3

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04-00200

.......Stephen Curtis......., *Plaintiff(s)*

v.

Wal-Mart Stores, Inc.
.............................................., *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Sol J. Cohen, Cohen & Sales
plaintiff's attorney, whose address is ...... Cambridge, MA 02141........, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ......Dedham...... the ......6th......

day of ......February......, in the year of our Lord two thousand and ......four.......

A true copy Attest:

3/25/04

Deputy Sheriff Suffolk County

......................... Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-45

23.    More than ninety days have passed since plaintiff filed a complaint of gender discrimination and sexual harassment with the Massachusetts Commission Against Discrimination.

24.    Massachusetts General Laws, Chapter 151B, § 9 authorizes the plaintiff to bring this private civil action against this defendant.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against

defendant, Wal-Mart, and:

a.    Declare that this defendant's conduct violated M.G.L. c. 151B, §4, as amended;

b.    Award plaintiff compensatory damages;

c..    Award plaintiff punitive damages;

d.    Award plaintiff reasonable attorney's fees, statutory interest, and the costs of this action; and

e.    Issue such other relief as the Court deems just and proper.

Respectfully submitted,
by Plaintiff's attorneys,

Sol J. Cohen
BBO # 630776
Cohen & Sales
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

A TRUE COPY
Attest:

4

Respectfully Submitted,

_Marylou Fabbo_

Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:   April 14, 2004                    Tel.:  (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Petition for Removal* was filed electronically and served upon the Plaintiff's counsel, Sol J. Cohen, Esq., Cohen & Sales, 43 Thorndike Street, Cambridge, MA  02141, by first-class, U.S. mail, postage prepaid, on April 14, 2004.

_Marylou Fabbo_

Marylou Fabbo, Esq.

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
4/22/04

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 00200 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

**PLAINTIFF(S)**
Stephen Curtis

**DEFENDANT(S)**
Wal-Mart Stores

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

ATTORNEY (if known)

B

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (✓) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ .........
2. Total Doctor expenses ............................................. $ .........
3. Total chiropractic expenses ....................................... $ .........
4. Total physical therapy expenses .................................. $ .........
5. Total other expenses (describe) ... psychological ............... Approx. $ 3,000.00
   Subtotal $ .........

B. Documented lost wages and compensation to date ....................... Approx. $ 30,000.00
C. Documented property damages to date ................................. $ .........
D. Reasonably anticipated future medical and hospital expenses .......... $ .........
E. Reasonably anticipated lost wages .................................... $ .........
F. Other documented items of damages (describe)

$ .........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff's employer sexually harassed him and subjected him to discrimination. Plaintiff suffered emotional distress and lost wages and benefits as a result.
Court has jurisdiction under MGL c.151B.

$ .........
Approx. TOTAL $ 33,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
4/23/04

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/3/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STEPHEN CURTIS, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| vs. | \* |
| | \* |
| WAL-MART STORES, INC. d/b/a WAL-MART, | \* |
| | \* |
| Defendant. | \* |
| | \* |

C4 10782 NG

CIVIL ACTION NO. 4-200

RECEIVED & FILED 4/22/04
CLERK OF THE COURTS
NORFOLK COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Defendant, Wal-Mart Stores, Inc., respectfully states:

1.      On or after March 25, 2004, Defendant was served with a Summons and Complaint commenced in the Superior Court, Norfolk County, which is entitled Stephen Curtis v. Walmart Stores, Inc. d/b/a Wal-Mart, Civil Action No. 04-00200. Copies of the Complaint and Summons are annexed hereto as Exhibit A.

2.      The Complaint alleges that Plaintiff is a resident of Quincy, Massachusetts. Defendant is a Delaware Corporation with its principal place of business in Arkansas. Plaintiff alleges that he was sexually harassed and discriminated against on the basis of his gender in violation of Mass. Gen. L. c. 151B. The amount in controversy, excluding costs, exceeds $75,000.00.

3.      This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.      Removal of this action to this court is authorized by 28 U.S.C. § 1441.

5.      This Petition for Removal is filed with this court within thirty (30) days after receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the summons.

WHEREFORE, Defendant, Wal-Mart Stores, Inc., prays that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Norfolk County, be removed to this Court.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:- *3·0*
TORT · MOTOR VEHICLE TORT · CONTRACT ·
EQUITABLE RELIEF · OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                             SUPERIOR COURT
                                                         CIVIL ACTION

                                                         NO. 04-00200


            Stephen Curtis ................., *Plaintiff(s)*


                              v.


            Wal-Mart Stores, Inc.
            ................................, *Defendant(s)*


**A TRUE COPY**

Attest: _____

### SUMMONS

To the above-named Defendant:

        You are hereby summoned and required to serve upon Sol J. Cohen, Cohen & Sales
        ................................,
plaintiff's attorney, whose address is ...... 43 Thorndike St.
Cambridge, MA 02141 ......., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.                           Dedham

        WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..................the .......6th.........

day of .....February......., in the year of our Lord two thousand and ....four.......

                                                         _____ *Clerk.*


NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33